IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| GUY D. DENSON, Plaintiff, | § § § § § § § § | |
| v. | | |
| FIRST FRANKLIN A DIVISION OF NAT. CITY BANK OF IN. , et al | | CIVIL ACTION NO: 1:12-cv- 00088-LY |

**PLAINTIFF'S ANSWER TO MOTION TO DISMISS**

TO THE HONORABLE JUDGE YEAKEL:

COMES NOW Guy D. Denson and files his answer to Defendants' Motion to Dismiss. I support of his answer, Plaintiff will show the court the following:

On February 2, 2011 in anticipation of the flood of fraudulent foreclosure suits, having knowledge of the millions of documents generated by robo-signing firms in order to facilitate those fraudulent foreclosures, and with the knowledge that there are very few mortgage companies that have adhered to Texas law, that of recording each and every assignment from each and every person to whom a mortgage note was negotiated, thus breaking the chain of title and removing real property from a security position, the law firm of LOCKE LORD AND BISSELL published a pamphlet written by Arthur E. Anthony and Thomas G. Yoxall, entitled "<u>Dealing with the Pro Se Litigant</u>". [1]

Page 7 of said publication states DO NOT ANSWER IN STATE COURT BEFORE REMOVING. The exhibit goes on to state that pro se litigants can't plead their case, therefore it

---

[1] Exhibit 1 - Dealing with the Pro Se Litigant, attached hereto and incorporated herein.

will be easy to get a dismissal based on poor pleadings. The exhibit, Page 9, gives advice about pleading with specificity and hints that a pro se litigant is incapable of rising to the pleading standards. Page 10 states that servicer/lender not a debt collector, unless loan was in default at the time the loan was obtained. Since almost every single assignment of note and deed of trust is made just prior to foreclosure, when a note in non-performing, this would seem a rather useless tool.

Page 11 emphasizes the assertion that downstream servicer/assignee is not a creditor for TILA purposes. Is this meant to encourage assignments for purposes of ducking liability for TILA violations? Page 12 shows how to duck RESPA violations. Page 13, 14, 15, 16, 17, 18 and 19, more hints on how to dismiss. Of course, a number of the premises in the book are made obsolete by the Supreme Court's finding in *Jerman v. Carlisle* 08-1200 (2010).

However, despite LOCKE LORD BISSELL'S treatise, although it outlines the reasons and procedures for removing a title suit to federal court, it has no bearing in this case.

Plaintiff clearly stated in his petition at Paragraph 28, Plaintiff expressly affirmed that no federal questions, claims, or causes of action are asserted against any defendant.

It is not difficult to make the mental leap that if there is no federal question there would be a failure to state a claim under Federal Rules of Civil Procedure, or to defend a federal claim or question when there is none.

Plaintiff asks this Court to deny Defendant's Motion to Dismiss and remand this suit back to state court where it belongs. Defendants ask Plaintiff to defend apples when he claimed oranges. Certainly, during the discovery process, Plaintiff will be able to garner the evidence he needs in order to prevail.

Plaintiff asks, in the spirit of President Ronald Reagan when he said, "Mr. Gorbachev, tear down this wall", Judge Yeakel, please remand this case.

Respectfully submitted,

_____
Guy Denson
5905 Sierra Leon
Austin, Texas 78759
(512) 923-3403

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of Plaintiff's Answer to Motion to Dismiss was sent by U. S. Postal Service on February 16, 2012 to:

Lauren M. Fincher
LOCKE LORD LLP
100 Congress Ave., Suite 300
Austin, TX 78701

_____